DISTRICT JUDGE LARSON
specially concurring.
Although the majority’s result is correct, it is useful to track the Legislature’s actions since Plouffe does not address § 39-3-408, MCA, the pivotal statute in the case at bar.
Plouffe does not raise, nor does it address, the effect of § 39-3-408, MCA, which provides that the overtime pay provision of § 39-3-405, MCA, “shall not apply to employees covered by the Fair Labor Standards Act except as provided in subsection (2).” Subsection (2) is inapplicable in this case. The issue in the case at bar, therefore, is whether plaintiff is “covered by the FLSA.” Plouffe does not address the definition of “covered” as used in § 39-3-408(1), MCA, despite the fact that at the time Plouffe was decided, the predecessor to § 39-3-408(1), MCA, provided that Montana’s minimum wage, maximum hours, and overtime pay provisions “shall not apply to employees covered” by the FLSA. Section 41-2307, R.C.M. 1947. Plouffe, then, did not consider a statute that was highly relevant to the case at bar.
*428 Because Plouffe is unhelpful, and Stewart is distinguishable from the present case, as noted by the majority, the Court must fall back on the legislative history of Montana’s minimum wage and overtime compensation provisions as contained in §§ 39-3-401 through -409, MCA, to determine whether the Legislature intended news editors, such as plaintiff, to be entitled to overtime pay.
As noted by the majority, § 39-3-406, MCA, contains numerous exclusions to Montana’s overtime pay provisions, most of which are patterned on the exclusions in the FLSA. The Montana Legislature has amended § 39-3-406, MCA, six times since 1981, including most recently, in the 1993 regular legislative session. These amendments added a total of twelve exclusions to the statute, none of which relate to news editors employed by television stations in small cities. Thus, despite the fact that the FLSA contains a specific exclusion for such news editors, and despite ample opportunity to do so, the Legislature has never chosen to incorporate that exclusion in the Montana statute. The only possible conclusion is that the Legislature has specifically decided not to exclude news editors in small cities from coverage by the Montana overtime pay provisions.
Thus, the majority is correct in holding that the FLSA does not cover plaintiff in this particular case, and that since plaintiff is not excluded from the Montana overtime pay provisions, plaintiff is entitled to overtime pay pursuant to the Montana provisions.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY join the foregoing special concurrence.